## WINTERS NATIONAL BANK AND TRUST CO v CLIFTON et

Ohio Appeals, 2nd Dist, Franklin Co

No 2701. Decided Nov 19, 1936

Watson, Davis & Joseph, Columbus, and Peter Vacca, Columbus, for appellant.

Warren E. Bigony, Columbus, for appellees.

### OPINION

By CRAIG, PJ.

On January 12, 1935, the Winters National Bank and Trust Company recovered a judgment against J. S. Clifton and Edith E. Clifton in the Municipal Court of Columbus, Ohio. Execution was issued and returned unsatisfied. November 18, 1935, a certificate of judgment was filed in the Common Pleas Court of Franklin County and on November 23, 1935, the judgment was duly assigned to Samuel H. Squire, Superintendent of Banks of the State of Ohio in charge of the liquidation of the Union Trust Company of Dayton, Ohio. On March 10, 1936, an execution was issued

to the sheriff of Franklin County and later returned unsatisfied.

Thereafter on March 27, 1936, in proceedings in aid of execution in the Common Pleas Court, the appellee, J. S. Clifton, was examined and testified ` that he ` was employed by the State of Ohio in the office of the auditor of the State of Ohio for a compensation of $11.00 per day for such days as he worked; that he was paid on or about the first and fifteenth days of each month; that on March 15, 1936, he had been paid for services rendered between March 1st and March 15th of .that year and that from March 15th through March 26th he had earned $110.00. The judgment creditor moved the court for an order directing the appellee, J. S. Clifton, to pay to the clerk of the Common Pleas Court the sum of $56.80, being the amount not exempt from execution. The court overruled the motion on the ground that §11781 GC does not authorize such an order and dismissed the proceedings in aid of execution. From this order the appellant has appealed to this court on questions of law.

Sec 11781 GC provides as follows:

"11781. Judge may order property to be applied on execution.

"The judge may order any property of the judgment debtor or money due to him, not exempt by law in the hands either of himself or other person or of a corporation, to be applied toward the satisfaction of the judgment, but the earnings of the debtor for his personal services, within thirty days next preceding the order shall be applied only in accordance with the provisions of §§11721, 11725 and 11728-1 GC."

The scope of a proceeding in aid of execution is set forth in the case of Pontiac Improvement Company v Leisy et, 33 O. L. R. 7, where it is said at pages 8 and 9:

"The character of such a proceeding can not be better defined than the language which names it. It is a judicial method of determining the existence of assets, at the time of notice of the proceedings, which may be legally applied to the partial or complete discharge of the judgment. It is not an execution in and of itself, but merely an aid to secure proceeds or assets belonging to the judgment debtor in order to satisfy the judgment of the creditor. In nature it is an examination and an inquiry whose ultimate purpose is to reach property that may be subject to the judgment.

That property must be in esse. It can not reach property that the judgment debtor once had or which he may in the future acquire, unless the basis for the claim is founded in fraud, operating directly to defeat the judgment by way of anticipation or otherwise."

A number of cases are cited and discussed by counsel for appellant. All of them are cases where a judgment debtor has property under his control, where he wrongfully has refused to obey the court's order to apply it on the judgment, or wilfully has put it out of his power to do so. The case of **Wilson v Columbia Cas. Co., 118 Oh St 319,** is cited as being comparable to this case. In the Wilson case, however, the judgment debtor having funds under his absolute control and disposition fraudulently sent them out of this state with intent to prevent their being applied on the judgment. It was held that the judgment debtor could be ordered to apply such funds not exempt by law toward the satisfaction of the judgment. The Wilson case is distinguishable from the case at bar first, because no fraud is chargeable to Mr. Clifton, and second, Mr. Clifton did not have the funds in question under his absolute control and disposition. Not until the end of the month was Mr. Clifton to be paid for services rendered for the last half of March, 1936, and until that time the funds were not subject to his absolute control and disposition.

In this view of the case, it is not necessary to discuss the constitutional question raised by appellees. The judgment of the Common Pleas Court is affirmed.

BARNES and HORNBECK, JJ, concur.

## ON APPLICATION FOR REHEARING
Decided Dec 18, 1936

By THE COURT

On application for rehearing.

Appellant has filed an application for rehearing based on eleven grounds and supported by a memorandum and supplemental brief.

The first ground set forth in the application is that the opinion was written by a member of the court who was not a member at the time of the hearing. It is stated in substance that counsel would not have consented to submission of the case without further argument if it had been understood that a judge other than those sitting in the case would write the opinion. This misapprehension is immaterial because the other two members of the court concurred in the decision and examined and approved it before it was released.

We have considered the remaining grounds set forth in the application for rehearing, together with the arguments supporting them and find that they are not well taken. The application for rehearing is denied.

CRAIG, PJ, HORNBECK and BARNES, JJ, concur.